IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY HARRIS, #N-57672** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-00498-JPG |
| ) | |
| **KIM BUTLER, R. HARRINGTON,** ) | |
| **SANDRA FUNK, LOYD HANNA,** ) | |
| **JIM WINTERS, UNKNOWN WARDEN,** ) | |
| **WARDEN FLAGG, DR. SHEARING,** ) | |
| **SUSANNE GRISWALD-BAILEY, and** ) | |
| **M. ATCHISON** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Larry Harris, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff contends that Defendants conspired against him when they transferred him from a medium security prison to a maximum security prison in retaliation for his history of litigation against the Illinois Department of Corrections ("IDOC"). In addition to the transfer, Plaintiff alleges that Defendants took other retaliatory actions, such as denying him access to his regular no-soy diet and limiting his commissary privileges, in an attempt to deter him from further exercising his First Amendment rights. Plaintiff prays for monetary damages and injunctive relief.

On April 30, 2014, Plaintiff filed a complaint setting forth his claims. (Doc. 1). Due to technical issues out of Plaintiff's control, some pages of the complaint were missing. On May 16, 2014, prior to this Court's preliminary review, Plaintiff filed a motion to amend the

complaint. (Doc. 4).  Subsequently, an amended complaint (Doc. 5) was filed.  The Court **GRANTS** Plaintiff's motion to amend the complaint. (Doc. 4).  The amended complaint supersedes and replaces the original complaint.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citing *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)).

The amended complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

**The Complaint**

Prior to June 2013, Plaintiff was housed at Lawrence Correctional Center, a medium-security prison. (Doc. 5, p. 5-A).  On June 5, 2013, Plaintiff was transferred to Centralia Correctional Center ("Centralia"), another medium-security prison, pursuant to a court writ order in another pending lawsuit (*Harris v. Allen*, 10-596-MJR).  Plaintiff was initially transferred so that he could be present for the trial in that case on June 11, 2013 in the federal courthouse in East St. Louis, Illinois.  However, on June 7, 2013, before the trial even began, Plaintiff was transferred to Menard, a maximum-security prison.  Plaintiff contends that Centralia Warden "John Doe"[1] and Centralia Operations Warden Flagg arranged for Plaintiff to be transferred to Menard, a maximum-security prison, in retaliation for Plaintiff's request for his medically-

---

[1] While Plaintiff has not provided the name of this defendant, the Seventh Circuit has held that where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

prescribed no-soy diet, which he had been given in yet another pending lawsuit (*Harris v. Brown*, 07-3225-HAB). (Doc. 5, p. 5-A). According to the amended complaint, Plaintiff has a lengthy and ongoing history of litigation against prison officials employed by the Illinois Department of Corrections ("IDOC").[2]

Plaintiff's trial in *Harris v. Allen* concluded on June 11, 2013. However, Plaintiff did not return to Lawrence. Instead, Plaintiff contends that Defendant Atchison (Deputy Director) devised a plan to have the "jailhouse lawyers," including Plaintiff, transferred from medium-security to maximum-security prisons in an attempt to discourage them from filing future prison litigation. (Doc. 5, p. 5-D). To this end, Defendants Atchison, Funk (IDOC Transfer Coordinator), Harrington (Warden at Menard), and Butler (Warden at Menard) conspired and placed Plaintiff in administrative detention in the North Two Segregation Unit, a maximum-security unit at Menard, from June 7, 2013 until January 17, 2014. (Doc. 5, p. 5-B). At the time the amended complaint was filed, Plaintiff remained at Menard, despite his classification as a medium-security prisoner. *Id*. Plaintiff maintains that there was no disciplinary reason for him to be transferred to a maximum-security facility; instead, he alleges that the transfer was retaliatory and intended to deter him from engaging in present and future activity protected by the First Amendment (namely, civil rights litigation aimed at prison officials).

In addition to the retaliatory transfer, Plaintiff asserts that he has been subjected to a number of harsh conditions and denied certain privileges in furtherance of the retaliation scheme. Specifically, Plaintiff claims that Defendants Harrington and Butler have imposed a seventy-five dollar commissary purchase limit on him and they allow him only two visits to the commissary

---

[2] For purposes of his retaliation claim, Plaintiff asserts that Defendants have retaliated against him for filing the following civil rights cases in federal court: *Harris v. Ryker*, 11-648-MJR-DGW (S.D. Ill.); *Harris v. Hodge*, 11-973-JPG-PMF (S.D. Ill.); *Harris v. J.R. Walls*, 11-03074-CSB-BGC (C.D. Ill.); and *Harris v. Brown*, 7-3225-HAB-DGB (C.D. Ill.).

each month. (Doc. 5, p. 5-D).  Plaintiff has lost his right to use a typewriter, as well as yard, shower, exercise, phone, and visiting privileges. *Id*.  Plaintiff maintains that these actions have not been taken in connection to any disciplinary charges.

Moreover, Plaintiff asserts that Dr. Shearing refused to give Plaintiff his medically prescribed no-soy diet from June 7, 2013 to July 25, 2013, which caused Plaintiff to lose over 30 pounds.  (Doc. 5, p. 5-C).  Plaintiff maintains that Susanne Griswold-Bailey (Dietary Manager) has also refused Plaintiff's request for a no-soy diet, and she has allowed Defendants Hanna and Winters to withhold meat from Plaintiff.  Dr. Shearing also refused to provide Plaintiff with a low bunk permit, as well as medicines Plaintiff was previously prescribed to treat a rash on Plaintiff's face.  Plaintiff contends that these actions, too, were taken in an attempt to retaliate against Plaintiff for his participation in litigation against IDOC. (Doc. 5, p. 5-D).

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* amended complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:    Retaliation**

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has articulated a colorable retaliation claim against all Defendants.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Gomez v. Randle*, 680 F.3d 859,

866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). To state a claim of retaliation "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

Plaintiff asserts that he was transferred to a maximum-security unit, denied a medically-prescribed no-soy diet, subjected to harsh prison conditions, and denied certain privileges (i.e., a typewriter, commissary privileges) in retaliation for filing lawsuits against prison officials. These retaliatory actions, he contends, violated his rights under the First Amendment. Even if these allegations would not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff may proceed on his retaliation claim against all Defendants at

this time.

**Count 2:     Conspiracy**

Likewise, the Court finds it would be premature to dismiss Plaintiff's claim that Defendants engaged in a conspiracy to retaliate against him.  *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under § 1983). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date . . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).  This claim against all Defendants shall also receive further consideration.

**Count 3:     Deliberate Indifference to Serious Medical Needs**

To establish an Eighth Amendment medical needs claim, Plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs.  *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The amended complaint satisfies the objective prong of this test.  The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  Plaintiff has been prescribed a no-soy diet for medical reasons. (Doc. 5, Ex. C, p. 3).  The amended complaint alleges that since his transfer to Menard, Plaintiff has been denied a no-soy diet at various times, including June 7, 2013 to July 25, 2103. *Id*. As a result, Plaintiff lost over 30 pounds.  These allegations meet the threshold requirement for a "serious" medical need.

The amended complaint also satisfies the subjective component of an Eighth Amendment medical needs claim against Defendants Butler, Harrington, Hanna, Winters, Griswald-Bailey, and Shearing, but not Defendants Funk, Centralia Warden "John Doe," and Warden Flagg. To establish deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The amended complaint suggests that Defendants Butler, Harrington, Hanna, Winters, Griswald-Bailey, and Shearing all knew of, but deliberately disregarded Plaintiff's medical need for a no-soy diet. These allegations are sufficient to state an Eighth Amendment medical needs claim against all of these defendants at this early stage in litigation. Plaintiff, however, does not allege any facts suggesting that Defendants Funk, Centralia Warden "John Doe," and Centralia Warden Flagg took part in denying Plaintiff a no-soy diet. Therefore, Plaintiff may not proceed on Count 3 against these defendants.

**Count 4:     Due Process Violation**

Finally, Plaintiff claims that Defendants Harrington, Butler, and Funk denied him due process of law when they arbitrarily took away various privileges and imposed certain restrictions on him. It is unclear from the complaint whether Plaintiff raises these due process allegations in support of his retaliation claim or as a separate and independent claim. Although this claim may later be folded into the retaliation claim, the Court will treat it now as an independent claim.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  In the present case, while not explicit, Plaintiff seems to be asserting that the conditions of his confinement are so harsh that they amount to a deprivation of liberty.  The United States Supreme Court has stated, "the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement" turns on an examination of the "nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'" *Id*. at 223 (citation omitted).

According to the amended complaint, Plaintiff was placed in administrative segregation at Menard for seven months and ten days.  In *Townsend,* the Seventh Circuit stated that "inmates have no liberty interest in avoiding transfer to discretionary segregation-that is, segregation imposed for administrative, protective, or investigative purposes."  *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (quoting *Townsend v. Fuchs*, 522 F.3d 765, 766, 771 (7th Cir.2008)).  But the court in *Marion* went on to distinguish *Townsend* because it involved "relatively short periods of segregation." *Marion*, 559 F.3d at 697. The court in *Marion* went on to note that "a liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion,* 559 F.3d at 697-98 (7th Cir. 2009) (collecting cases).  The court concluded that a term of 240 days of segregation *may* implicate liberty interests and remanded the case for further scrutiny of the actual conditions of confinement. *Id*. at 698-99.  Plaintiff alleges that he was placed in segregation for approximately 220 days.  He also claims that he was subjected to harsh conditions of confinement.  At this stage, more facts are necessary to determine whether Plaintiff

has a liberty interest implicated by the due process clause.  Therefore, dismissal of Plaintiff's due process claims against Defendants Harrington, Butler, and Funk would be inappropriate at this stage.

In summary, Plaintiff may proceed on his retaliation claim (Count 1) and conspiracy claim (Count 2) against all Defendants.  Plaintiff may proceed on his medical needs claim (Count 3), but only against Defendants Butler, Harrington, Hanna, Winters, Griswald-Bailey, and Shearing.  Plaintiff may also proceed on his due process claim (Count 4) against Defendants Harrington, Butler, and Funk.  Because Plaintiff is also seeking injunctive relief, Defendant Butler shall also remain in her official capacity as current warden of Menard.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Pending Motion**

Plaintiff's motion to amend the complaint (Doc. 4) is **GRANTED.**

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's claim for damages against Defendants **BUTLER, HARRINGTON, FUNK, HANNA, WINTERS, CENTRALIA WARDEN "JOHN DOE," FLAGG, SHEARING, GRISWALD-BAILEY,** and **ATCHISON** on **COUNTS 1** and **2** shall proceed.

**IT IS FURTHER ORDERED** that Plaintiff may proceed on his claim for damages on **COUNT 3**, but only against Defendants **BUTLER, HARRINGTON, HANNA, WINTERS, GRISWALD-BAILEY,** and **SHEARING** and **COUNT 4**, but only against Defendants **HARRINGTON, BUTLER,** and **FUNK**.

For purposes of injunctive relief, Defendant **BUTLER** shall also remain in her official capacity as current warden of Menard.

Plaintiff has not sought or been granted leave to proceed in forma pauperis in this action, therefore, the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants.  However, if Plaintiff desires to request the appointment of the United States Marshal to serve process on the Defendants, Plaintiff shall file a motion for service of process at government expense, within 35 days of the date of entry of this order (on or before **June 27, 2014**).  The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

If Plaintiff does not timely file a motion for service of process at government expense, it shall be Plaintiff's responsibility to have all Defendants served with a summons and a copy of the complaint pursuant to Federal Rule of Civil Procedure 4.  Plaintiff is advised that only a non-party may serve a summons.  FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court shall prepare a summons and copies of the complaint and this Memorandum and Order for each Defendant, and shall forward the same to the United States Marshal for service.  If Plaintiff does not file a motion for service of process at government expense within 35 days as ordered, the Clerk shall then prepare a summons for each Defendant, and shall forward the summonses and sufficient copies (modify if only one defendant) of the complaint and this Memorandum and Order to Plaintiff so that he may have Defendants served.  Plaintiff is further advised that service shall not be made on the John Doe Defendant until such time as Plaintiff has identified the John Doe Defendant by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address of this

individual.

Plaintiff is **ORDERED** to serve upon Defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for effecting service of process.  Any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

...

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 23, 2014**

*s/ J. Phil Gilbert*
United States District Judge