IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY G. HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14-cv-498-RJD ) |
| KIMBERLY BUTLER, et al., | ) ) |
| Defendants. | ) ) |

**ORDER**

**DALY, Magistrate Judge:**

### I. PROCEDURAL BACKGROUND

Plaintiff Larry G. Harris, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated. On February 14, 2018, this Court granted Defendant Dr. Shearing's motion for summary judgment on Plaintiff's retaliation, conspiracy, and deliberate indifference claims. In particular, as it relates to Plaintiff's deliberate indifference claim, the Court found insufficient evidence to establish that Defendant Shearing's denial of Plaintiff's request for a non-soy diet exacerbated or contributed to the symptoms of Plaintiff's Hashimoto's disease. Generally, familiarity with the claims is presumed and the evidence in the record was fully set forth in the Court's February 14, 2018 Order.

This matter is now before the Court on Plaintiff's Motion for Reconsideration (Doc. 263). In his motion (presumably directed solely at his deliberate indifference claim), Plaintiff asserts that he has newly acquired medical records that either establish, or creates a question of fact, as to whether or not Plaintiff suffers from a soy allergy. This new evidence consists of a January 10,

2018 Progress Note, wherein Licensed Nurse Practitioner Bramlett noted that "when eating soy will have breathing issues" and indicated "allergy: soy" in her assessment of Plaintiff (*see* Doc. 263-2 at 2). Plaintiff has also provided a medical record dated September 20, 2017, wherein it was noted that Plaintiff had a swelling of his throat (*see id.* at 3). Plaintiff urges the Court to reconsider its summary judgment order on this basis as the medical records were newly discovered, Plaintiff was diligent in discovering them, and the evidence is not cumulative or impeaching. Plaintiff argues that this evidence challenges whether there is a question of fact on whether Plaintiff has a soy allergy and, if so, he could have reasonably suffered from the same when he saw Defendant Shearing in 2013, which bears on the question of whether Defendant should have had Plaintiff retested for a soy allergy rather than rely on previous tests indicating he did not in fact have a soy allergy.

Defendants oppose Plaintiff's motion, arguing that the January 10, 2018 notation concerning a soy allergy was only based on Plaintiff's subjective complaint (*see* Declaration of Cassie Barmlett, LPN, Doc. 266-1 at ¶ 5). Moreover, Defendants explain that the overwhelming evidence (and only objective evidence) in this case supports a finding that Plaintiff does not suffer from a soy allergy and he should not be allowed to create new evidence based on a self-serving statement contained in a medical record. Defendants argue that the new legal theory set forth by Plaintiff contradicts his previous summary judgment briefing in which Plaintiff specifically stated that he "is not claiming that he suffers from a soy allergy. This is merely a straw man" (*see* Doc. 247 at 12).

## II. LEGAL STANDARD

Although Plaintiff fails to cite the particular rule that serves as the basis for his motion, the Court finds that given his request and the timing thereof, Federal Rule of Civil Procedure 60(b)

controls. It is well settled that relief pursuant to Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citation omitted). Under Rule 60(b), a court may relieve a party from an order where there is "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial," or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

### III.  DISCUSSION

The evidence Plaintiff relies on in his motion is insufficient to serve as a basis for reconsideration. First, although there is a note in Plaintiff's January 20, 2018 medical record indicating "allergy: soy," Ms. Bramlett, the nurse who created the note, has explained that it was written to capture Plaintiff's subjective complaint of a soy allergy and was not based on any objective observations or testing. Moreover, at the summary judgment stage, Plaintiff made it clear that this matter and his allegations were not related to any soy allergy. Indeed, at his deposition, Plaintiff testified that "this is not about a soy allergy. I'm not allergic to soy. I have Hashimoto's Thyroiditis disease. It is a whole different medical question. It is not about an allergy. Okay? Allergy does not play into this" (Doc. 248-4). Now, despite Plaintiff's testimony that left no question he was not pursuing any claim related to his soy allergy, he attempts to insert a new legal issue into this case based on a subjective claim of a soy allergy. This is not an appropriate basis on which to seek reconsideration. For these reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 27, 2018**

                *s/ Reona J. Daly*
                **Hon. Reona J. Daly**
                **United States Magistrate Judge**